IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ATHALINE BENTLEY                                                                    PLAINTIFF

vs.                                    Civil No. 2:15-cv-02084

CAROLYN W. COLVIN                                                                   DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Athaline Bentley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability applications on August 14, 2012. (Tr. 11, 146-153). In her applications, Plaintiff alleges being disabled due to diabetes, high blood pressure, "daily pains throughout body," diabetic vision loss, memory loss, arthritis, and carpal tunnel syndrome. (Tr. 182). Plaintiff alleges an onset date of May 1, 2008. (Tr. 11). These applications were denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

initially and again upon reconsideration. (Tr. 53-82).

Thereafter, Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 105-106). Plaintiff's administrative hearing was held on September 19, 2013 in Fort Smith, Arkansas. (Tr. 25-52). Plaintiff was present and was represented by Nicholas Coleman. *Id.* Plaintiff and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *Id.* At this hearing, Plaintiff testified she was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (SSI) and 20 C.F.R. § 404.1563(c) (DIB). (Tr. 30). As for her level of education, Plaintiff testified she had graduated from high school. *Id.*

After this hearing, on November 22, 2013, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 7-19). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2013. (Tr. 13, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 1, 2008, her alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: musculoskeletal disorder (back disorder, osteoarthritis, cervical degenerative disc disease, sacroiliac joint dysfunction, remote shoulder injury), cardiovascular disorder (hypertension), and endocrine disorder. (Tr. 13-14, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-15, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 15-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except as follows: The claimant remains able to frequently lift and/or carry ten pounds and occasionally twenty pounds, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of six hours in an eight hour workday. The claimant has good use of the dominant right hand, but 10% loss of the use of the left hand for grasping and manipulating.

*Id*.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 48-52). Based upon that testimony and considering Plaintiff's RFC, the ALJ determined Plaintiff retained the capacity to perform her PRW as the following: (1) child day care worker (light, semiskilled), (2) tobacco sales clerk (light, semiskilled), (3) retail assistant manager (light, skilled), and (4) cashier checker (light, semiskilled). (Tr. 18, Finding 6). Because Plaintiff retained the capacity to perform her PRW, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from May 1, 2008 through the date of his decision or through November 22, 2013. (Tr. 18, Finding 7).

Thereafter, January 22, 2014, Plaintiff requested a review by the Appeals Council. (Tr. 5-6). The Appeals Council denied this request on February 27, 2015. (Tr. 1-4). On April 28, 2015, Plaintiff filed the present appeal with this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 19, 2015. ECF No. 5. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff raises three arguments for reversal: (1) the ALJ erred by finding her carpal tunnel syndrome was non-severe; (2) the ALJ's RFC determination is not supported by substantial evidence; and (3) the ALJ violated SSR 00-4 by failing to resolve the conflict between the VE's testimony and the *Dictionary of Occupational Titles*. ECF No. 8 at 1-20. Upon review of these claims, the Court agrees with Plaintiff's second argument and finds the ALJ improperly evaluated his subjective complaints. Accordingly, the Court will only address this argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board,

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

---

etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ only focused on Plaintiff's medical records. (Tr. 17-18). Further, although the ALJ recited at length the *Polaski* factors and the applicable law for evaluating a claimant's subjective complaints, he never applied that law to the facts in Plaintiff's case. *Id.* Instead, he supported his RFC determination with medical evidence alone and stated the following:

> In sum, the above residual functional capacity assessment is supported by the evidence which shows that the claimant's diabetes is adequately controlled by the treatment provided. The claimant's hypertension is adequately managed by medical treatment. The claimant's report of left upper extremity parethesisas is not confirmed by verifiable, objective medical evidence. Even if the claimant has carpal tunnel syndrome symptoms in the left upper extremity, it is noted that she is right hand dominant. The claimant's vision is not shown to be impaired to the extent that it limits her ability to perform ordinary work activity. Considered as a whole, the evidence supports a finding that the claimant remains able to perform work within the limits set out in Paragraph 5, above.

(Tr. 18).

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints without a sufficient basis was improper under *Polaski*. See *Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided no valid reason for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of January 2016.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.